Number 181907, United States v. Freddy A. Fuentes-Moreno. Good morning, your honors, members of the court. Tony Rafael Castrolan, court appointed counsel for the appellant, Freddy Fuentes-Moreno. Your honor, I would like to reserve four minutes for rebuttal. Yes. The main issue in this appeal is the district court's rejection of Moreno's factual assertion that the same firearm was used in the commission of the offense of being a felon in possession, charged in criminal 17148. That was the same firearm used for the robberies charged in criminal 17167. The reasoning for the rejection of that factual assertion, two bases. One, that there was no corroboration of Fuentes-Moreno's assertion that it was the same firearm, and second, that he felt that even if it was the same firearm, that did not constitute relevant conduct. As to the issue of requirement of corroboration, perhaps the government's own brief cites cases that specifically reject the notion that corroboration is necessary. They cited U.S. v. Acton 29 Federal 3rd 267 at page 51 of their brief, and reading from that particular case, the court stated, we have never held that corroboration is essential in sentencing. The whole history of sentencing cuts the other way. Until recently, judges relied on intuition and hunch, a process sustained by the Supreme Court. And they cite Williams v. New York, a Supreme Court case, and United States v. Massachusetts 7th Circuit. Wasn't the judge just sort of, and the probation officer, in an awkward, and I acknowledge awkward, in an awkward way just saying that your client was incredible, and therefore, since his testimony or his statement wasn't entitled to believability, then it didn't succeed in convincing the court without additional information that would have been corroborative. I mean, isn't that the fundamental? Well, Your Honor, I believe you're parting from the wrong premise that the probation officer stated that she didn't believe him. In fact, what the pre-sentence report in the addendum states, when that particular objection was raised, she stated, at this time, there's no evidence to support that both cases involve the same weapon. As such, cannot be considered relevant conduct. There was never a statement of credibility. And the judge adopted that same reasoning at the sentence hearing, when he stated the probation officer wasn't able to corroborate that. So the basis for denial was corroboration. And at sentencing, the guideline 6A1.3 states clearly that what matters is reliability, not corroboration. There's nothing in the law that requires corroboration, reliability. And here, there was ample basis to consider that reliable. Well, number one, the defendant- Ultimately, a credibility issue. Excuse me? Isn't this point ultimately a credibility issue? Well, I would assume, yes, that there is a credibility issue. The judge made a credibility issue based on what was presented. Well, again, I disagree. He denied it because there was no corroboration. He did not state, I do not believe. I mean, the court is parting from the wrong premise. Both probation and the district court judge rejected the claim because of a lack of corroboration. And that is a misapplication of the law. Reliability is the linchpin. And obviously- It's clear, though, that your client's statement that it was the same gun is, in fact, evidence. It seems just an awkward misstatement. So your client's evidence is- I mean, your client's statement that it's the same gun is evidence. But isn't the court just making a determination that it didn't find it credible? Again, I would like, if possible, the court to state where in the record he rejects it because he didn't find it credible. I think the rejection was based on a misapplication of the law, both by probation and the court, that there was no corroboration. And here, if you look at the statement and the history of the case, it was reliable. When Fuentes Moreno was arrested on March 1st, that he still hadn't been indicted for the robberies, he confessed to the authorities that he had purchased the gun months before, kept it where he lived in the residential project, and had possessed it during that time period. At that time, he didn't know he was going to be charged for the robberies. Then comes the indictment of the robberies of February 4th, less than a month. We're talking about three and a half weeks that transpired between the robbery and his arrest for possession of a convicted felon. And that renders it reliable. And in addition to that, both statements corroborate each other. There is sufficient grounds to believe that with such a short period of time, and his prior statement that the statement was reliable. The second ground for rejection, which has to do with the fact that he did not consider that if it was the same gun that was, that affected relevancy, is also totally incorrect. Section 1B.3A states that relevant conduct includes all conduct committed by the defendant. And the government, in their own brief, they cite United States Ministers McGee, 494 Federal Cert 551, which is 555 states, we have stated that the offense of felon possession is complete once the felon actually obtains possession of a firearms, but continues as long as it remains in his possession. So let's take, if he stated he had bought, in March 1st, when March 1st he stated that he had bought the gun months ago. So let's assume that he had possessed that firearm from January until March. That's one possession of a felon, legal possession of a felon. During that whole time period, you have one crime. Just because he was caught on March 4th with the firearm that he had used in the February robberies does not make it not relevant. Quite the contrary. You have one offense of possession by a felon that is a continuous offense that was present both in both cases. And therefore, it was relevant conduct. In fact, the indictment of the robberies included a felon in possessing charge. I thought the court also provided an alternative basis, which was that it didn't matter if it was the same gun or not, that part of the reason that the court, part of what the court based its sentence on was the dismissed charges. So it was considering all of the conduct. Am I mistaken about that? Well, Your Honor, the problem with that is that he rejected the premise. Excuse me. Why is that not within the discretion of the court? Well, because he's misapplying the law. You have one offense of possession of a felon during that time period, not two. He couldn't divide it. The fact that the government dismissed count five on the robberies did not annul the fact that it was the same firearm that he possessed when he was arrested as a felon in possession. And therefore, if they were the same firearm, it was relevant conduct because you have one offense that includes both incidents. Now, the government may claim that, oh, there was an allegation by the prosecutor that they had information that it was in the residential project and that someone gave it to him. That was a completely unreliable hearsay statement. And the government never stated what was the basis of their information, never identified who gave him that firearm, never identified how they allegedly obtained that information. And so that was clearly unreliable hearsay. And what's incredible is that the judge sees, instead of asking the proper question, how did you get that information, what's the basis, he sees on that to say, oh, it was probably rented, which is another speculative event of the judge. It shows his bias that if the court determines error occurred, should be referred to a different judge. Now, so it seems that the rejection, the problem here, because I know that the court has discretion to determine whether something is essentially should be concurred or consecutive, but it has to be based on a proper analysis of the guidelines, and that didn't occur here. Thank you. Good morning. May it please the court, John Alex Romano on behalf of the United States. The district court did not err by running the robbery sentence in this case consecutive to the sentence in the felon in possession case. And with the court's indulgence, I'd like to focus most of my comments on the merits. Because I think this court could readily conclude that guideline 5G1.2B does not apply, so there was no procedural error at sentencing, and that the imposition of a consecutive sentence was substantively reasonable. Now, as this court knows, 5G1.B states that a concurrent sentence is warranted. If the prior sentence is for an offense that would qualify as relevant conduct to the offense of conviction, so it spits us over to the relevant conduct guideline, 1B1.3. Well, none of the definitions of relevant conduct under 1B1.3 applies to Mr. Fuentes Moreno's felon in possession offense. Subsection A1 doesn't apply because his possession of a firearm on March 1st of 2017 did not occur during the commission of the February 4th robberies, and because it came afterwards, it was certainly not in preparation for those robberies. There's been no argument or evidence that the March 1 possession of the firearm was somehow an attempt to cover up the February 4th robbery. So A1 doesn't apply, and neither does A2 apply, regardless of whether this court or whether, in fact, the firearm that was possessed on March 1st was the same used during the robberies. That's because A2 requires, as a threshold condition, that the offenses be eligible for grouping, and it's very specific. It kicks us over to the grouping guideline, 3D1.2, subsection D. And subsection D of the grouping guideline has a specific list of offenses that it says cannot be grouped under subsection D, and among those offenses are robbery offenses. It clearly refers to the guideline 2B3.1, the robbery guideline, as one offense that cannot be grouped under subsection D. So you don't even get to the question of whether or not the gun possession on March 1st is part of the same course of conduct as the robberies or part of the common scheme or plan, which is where this factual question of whether or not it was the same firearm comes into play. And I agree that that's how, in effect, the district court viewed it. If the court looks at page 87 of the appendix, the court even asks, why does it matter if it was the same firearm or not? So subsection A2 of the relevant conduct guideline doesn't apply, and neither does subsection A3, which is really derivative of subsections A1 and A2 of the relevant conduct guideline, because A1 and A2 don't apply. You don't apply A3. So the later felon in possession offense is not relevant conduct. So for purposes of the guidelines, 5B1.3b, it doesn't apply. And as the guidelines matter, it's left the district court's discretion on whether to impose a sentence consecutively and concurrently. And certainly, the government submits that the district court's choice here to run the sentence consecutively was substantively reasonable. Look at the seriousness of the offense conduct, two robberies in one day in both robberies. Mr. Fuentes-Moreno is brandishing a firearm. And to Chief Judge Howard's point, Mr. Fuentes-Moreno got a substantial benefit by pleading guilty, and the district court was clearly aware of the fact that as a result of his guilty plea, the two 924C counts were getting dismissed, which takes out exposure to 50 years in prison. So that was a substantial benefit Mr. Fuentes-Moreno got by pleading guilty. And, of course, if you look at his criminal history, he commits the two robberies while he's out on supervised release for a prior 924C violation. So given all of those factors, we'd argue that the running of the sentence consecutively to the sentence in the felon in possession case was substantively reasonable. And unless this court has any questions, the government will otherwise rest on its feet. Thank you. Thank you. Again, Your Honor, I emphasize that the error in this case is that even the case law cited by the government states that a felon in possession is a continuous crime. And if you possess the same firearm during a period of time, you've committed only one offense. And if you are arrested on two occasions while you possess that same firearm, it is relevant conduct to the case because the firearm used for the robbery is the firearm for which he was convicted as a felon in possession. So in that sense, there's a problem with the government's position and analysis. The judge and also the problem is with the reasons given by the judge. The government now extrapolates and try to make reference to the counts that were dismissed. But the fact is that was taken into consideration when they stipulated an upward variance sentence of 144 months. So that was already taken into consideration. And the judge didn't state that he was rejecting the relatedness based on that. He was quite specific that he did not feel that the fact that it was the same firearm was relevant conduct and that there was no corroboration. Since he based that on that erroneous misapplication of the law, an abuse of discretion occurred. And we just can't start inventing additional reasons to justify what the record does not support. What the record does support is that there was one offense when he was charged in criminal 148 for being a felon in possession. He was charged for the same offense that was charged in count five, which was dismissed. The issue of grouping, grouping occurs on both circumstances. And, in fact, the felon in possession is specifically identified as groupable. Section 2K1.2 is a groupable offense. The fact that robbery does not include it doesn't affect the analysis. Why? Because had count five not been dismissed, it would not have been taken into consideration because under Section 4, Section 3D1.4, the most severe count, which is the robbery count, will control the sentence. And since the felon in possession sentence was way below the robbery, it would have not been counted and would have been imposed concurrent. So under both circumstances, you have the law supporting concurrency. And, quite frankly, to jump, make that jump, to say, well, the court had the discretion, yes, but that discretion has to be exercised in accordance to law. And the first thing the judge has to do is compute correctly and apply the law. If he makes a determination or he bases a consecutive sentence on a ground, on grounds that are improper, that constitute an erroneous application of the law, you have an abuse of discretion. U.S. v. Anonymous, Your Honor, and that's the analysis that should be followed here. Thank you.